**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CKH FAMILY LIMITED PARTNERSHIP,
a Texas limited partnership; et al.,

Plaintiffs-Appellants,

v.

HOLT HOMES, INC., an Oregon
corporation; et al.,

Defendants-Appellees.

No.    18-35154

D.C. No. 3:17-cv-00441-SI

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted May 15, 2019
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Plaintiffs CKH Family Limited Partnership, Waldemar Maya, and Van Shaw

sued defendants Greg Kubicek and his company Holt Homes, Inc., for various

violations of Oregon law.  The alleged violations arise in part from Kubicek's

failure to disclose a loan he made through Holt Homes in order to close a sale of

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

investment properties while acting as plaintiffs' agent. The district court granted summary judgment to defendants on the ground that the case was time-barred under Oregon's two-year statute of limitations. *See* Or. Rev. Stat. § 12.110(1). We affirm.

In Oregon, "the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements (harm, causation, and tortious conduct) exists." *Gaston v. Parsons*, 864 P.2d 1319, 1324 (Or. 1994). The application of this "discovery accrual rule is a factual issue for the jury unless the only conclusion a reasonable jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *T.R. v. Boy Scouts of America*, 181 P.3d 758, 765 (Or. 2008).

Plaintiffs argue that they knew or should have known about critical facts related to the alleged violations only when defendants presented them with a document disclosing the purportedly unlawful loan on June 22, 2015. But even assuming that plaintiffs lacked the requisite notice in 2011, when they first brought suit in Texas, we conclude that plaintiffs were put on such notice by May 5, 2014, when defendants first provided them with a document of transactions including the loan.

Plaintiffs argue that the 2014 disclosure did not provide adequate notice because the loan was listed on page 18 of a 22-page document, and a list of acquisition loans also provided in 2014 misleadingly did not include the loan. But as the district court noted, the May 2014 document provides the same critical facts included in the June 2015 document that plaintiffs acknowledge gave them sufficient notice. The district court properly granted summary judgment to defendants because the claims were time-barred after plaintiffs waited more than two years following the 2014 disclosure to file their complaint.

Plaintiffs have not challenged the district court's attorney's fees order on any basis other than that defendants were not prevailing parties. Because we have affirmed the district court's order granting defendants summary judgment, we affirm the attorney's fees order as well.

**AFFIRMED.**